Weldon, J.,
delivered the opinion of the court:
On the 31st day of August, 1895, the claimant by his attorney filed a petition under the provisions of the Act of March 2, 1895 (28 Stat. L., 899, ch. 188), claiming the sum of $938.45, as damages growing out of his settlement on lands of the Crow Creek and Winnebago reservations opened to entry by the proclamation of the President of February 27,1885, and closed to settlement by proclamation of the President on April 17, 1885.
The last proclamation declared inoperative the first, and persons who went to such reservations and settled were ordered to vacate within sixty days.
The defendants make this motion to dismiss for the reason, as it is alleged,-11 that the case is not within the jurisdiction of the court.” In support of this motion it is insisted that in order to confer jurisdiction on the court the case must be the same that was presented to the Interior Department and by it wholly disallowed. The language of the statute is—
"Provided, That any claimant whose claim has hitherto been wholly disallowed by the Interior Department, may, within six months after the passage of this act, bring suit upon the same in the Court of Claims, and the time of removal from the reservation by said claimant shall be no bar to said suit.
“ The Interior Department shall transfer all the papers filed in any such claim to the Court of Claims to be used as evidence therein, and the rights and equities of such claimant to damages sustained by reason of removal from such lands shall be by the court fully considered and determined: Provided, hoivever, That if the court shall find that any such claimant arbitrarily disobeyed or neglected without good reason to obey the order of removal, his claim.shall be disallowed.”
In order to apply the statute to the contention of the defendants, we must first determine what are the essential character *194 istics which must be in common between the claim in this court and in the 'Department. If the claim here differs in its legal essence from the claim filed in the Department, it is not in law the same claim, and the court is without jurisdiction.
While this is a remedial statute and must be liberally construed, the substantial rights of the parties in determining the jurisdiction of the court must be preserved.
In order to give the court jurisdiction, the claim must have been wholly disallowed by the Interior Department; the suit must be commenced in six months after the passage of the act of March 2, 1895; and it must be the same case in law, that is, the same parties or their legal representatives, and as to the same subject-matter. The claimant will not be permitted to change the character of the claim by an amendment as to new items, but the same rule will be applied to cases under this statute that the court applies in other cases, allowing values to be increased to correspond with the proofs. The amount claimed in the way of values or damages is subject to amendment, in the discretion of the court, even against the statute of limitation. (Devlin, 12 C. Cls. R., 267.) As is said in the case of Barrow, Porter & Co. (30 id., 54), “Anincrease in value is not barred by the statute, but the original valuation by the owner will not be entirely disregarded.”
In the oral argument of the motion the counsel on both sides indulged in a general discussion of the requirements of the statute as to the right of recovery, and while some of the questions may not be strictly germane to the motion under consideration, it may avoid unnecessary litigation and cost for the court in .this connection to determine the legal requisites of a suit under the act in controversy.
By the proclamation issued on the 17th of April, 1885, withdrawing the lands from settlement, those persons who had gone on the lands upon the faith of the first proclamation were ordered to vacate within sixty days, but by the last proviso of the clause giving the right to bring suit in this court it is expressly stated that “the time of removal from the reservation by said claimants shall be no bar to said suits.”
In connection with that provision maybe quoted the further provision, “ That if the court Shall find that any such claimant arbitrarily disobeyed or neglected without good reason to obey the order of removal, his claim shall be disallowed.” The *195 purpose of the statute was to' compensate the settler for tbe damages incident to removal, and without removal, either before the expiration of sixty days or within such time as the partywas under the circumstances of his situation enabled to move, there can be no recovery. If the party did not remove from the land, and suffered damages incident to the disturbed condition because of the revocation of the first proclamation, he has no right to recover. Consequential damages not connected with and directly the result of removal can not be recovered in proceedings based upon the statute conferring jurisdiction on this court.
Where the party did not remove within sixty days from the 17th of April, 1885, the failure to remove does not operate as a bar to the bringing of the suit; but may upon the merits of the case defeat the right of recovery, if the court shall be satisfied from the evidence that the failure to remove was an arbitrary act upon the part of the claimant and without good and sufficient reason. The court is to consider “the rights and equities of such claimant to damages by reason of removal.” Removal is the gravamen of the action of the claimant. If a party removed from the reservation before the date of the proclamation of April 17, no recovery is allowed; and so, if a party purchased the claim of a settler after said date, he has no right of action because of any alleged damages.
While the Interior Department is required to transmit all the papers filed in a claim to be used as evidence, other testimony can be taken by either party, and the court upon the ultimate trial of the cause will determine the rights of the parties from all the competent proof in the case. Mistakes of fact may be corrected by subsequent testimony, not inconsistent with the consequence of estoppel which may arise from the acts of the parties. The motion to dismiss will be overruled, subject to the legal requirements imposed upon the claimants by this opinion.
Where there was a removal before the date of April 17,1885, no removal a.t any time, or the acquirement of the rights of the settler after the proclamation of the President by purchase on the part of claimant, in all such cases the motion to dismiss will be sustained.