Booth, J.,
delivered the opinion of the court:
This is an Indian depredation case. The issue presented arises under the defendants’ plea in bar. The claimant, Ramon Martin, a citizen of the United States residing in New Mexico, claims a loss of personal property as follows: Nine steers, 18 cows, and 8 calves, of the estimated value.of $620. The depredation is alleged to have occurred on May 18, 1862, near San Antonio del Watche, N. Mex., by the Navajo Indians. The proviso to section 2 of the act of March 3, 1891 (26 Stat. L., 851), conferring jurisdiction upon this court in Indian depredation claims, provides as follows:
“That no claim accruing prior to July first, eighteen hundred and sixty-five, shall be considered by the court unless the claim shall be allowed or has been or is pending, prior to the passage of this act, before the Secretary of the Interior or the Congress of the United States, or before any superintendent, agent, subagent, or commissioner, authorized under any act of Congress to enquire into such claims; but no case shall be considered pending unless evidence has been presented therein: And provided further, That'all claims existing at the time of the taking effect of this act shall be presented to the court by petition, as hereinafter provided, within three years after the passage hereof, or shall be there *201 after forever barred: And frovided further, That no suit or proceeding shall be allowed under this act for any depredation which shall be committed after the passage thereof.”
The claimant on February 11, 1891, filed a claim in the Interior Department alleging a loss at the hands of the Navajos, on the same date, at the same place, of the identical property now claimed for, and supported the same by two affidavits. On May 9, 1891, claimant’s first petition was filed in this court, wherein he alleges a loss similar in every detail with the claim theretofore filed in the Interior Department, except he describes the property lost as “ house corral $1,100, cook stove $45, 45 tons of hay at $10 per ton $450.” This petition was verified by the claimant, his signature thereto being by “ his mark ” properly witnessed. On May 26, 1891, an amended petition was filed in the case, verified by claimant’s attorneys, in which the property alleged to have been lost is again described as above. On December 13, 1906, another amended petition was filed by claimant’s attorneys in which the description of property lost corresponds with the original claim theretofore filed in the Interior Department. The issue preferred by the defendants’ plea is whether the variance between the original claim and the present petition is fatal, the latter having been filed subsequent to the limitation period provided for in section 2 of the act of March 3, 1891.
It is evident from an examination of the original claim and the amended petitions that the variance complained of was the result of mistake, or the act of another person of similar name suffering loss at the same time from the depredations of the same Indians. The original claim and first petition of the claimant establish his illiteracy, both being-executed by mark. The original claim is supported by the affidavits of Juan Eocardo Martin and Jose Arcadio Garcia. The witnesses to signatures are Higinio V. Gonzales, Manuel D. Martin, and Antonio Pablo De Herrera. The depositions in the case establish the identity of the property lost and support the original claim as filed in the Interior Department. , The claimant testifies that he never lost any of the property claimed for in the original petition and that he did file his claim in the Interior Department.
*202 The record discloses no attempt upon the part of the claimant to vary by evidence the allegations of his original claim and no explanatory statement as to the apparent error in his first petitions. Claimant’s attorneys offer no positive proof as to the cause of the variance, suggesting, however, that the erroneous allegation as to property lost is clearly a mistake, which because of lapse of time they are unable to clearly recall.
We have then an original claim filed as the statute requires, one petition verified by the claimant himself; an amended petition verified by his attorneys, in both of which the variance complained of appears; a subsequent amended petition filed after the limitation period verified by claimant’s attorneys in which there is no variance. No suggestion of fraud or attempted fraud is made by the defendants. If the court dismisses the petition the claimant is without redress and his cause of action lost. The petition under our rule No. 25 in Indian depredation cases must set forth:
“(1) The title of the action, with the full Christian and surnames of all the claimants, and the name of the band, tribe, or nation of defendant Indians.
“(2) The residence and citizenship of each of the claimants and the damages sought to be recovered.
“(3) A plain, concise statement setting forth the facts and circumstances upon which such claims are based, giving q>lace and date, the persons, classes of persons, tribe or tribes or band of Indians by whom the alleged illegal acts were committed, the property lost or destroyed, and the value thereof, and any other facts connected with the transaction and material to the proper adjudication of the case, free from argumentative and impertinent matter.
“(4) Whether the claim has been examined, approved, and allowed by the Secretary of the Interior, or under his direction; and if so, for what amount, the date thereof, and refer briefly to the official letter, report, or document showing such action, and state ivhether claimant elects to reopen the case and try the same before the court or desires judgment for the amount so allowed.”
Every essential requirement of the above rule was complied with except the description of the property lost, and as to it the ad da/m/mm is reduced in the final amended petition from $1,595 to $620. The verification of the first petition *203 by the claimant is easily explainable by his inability to read and write English, and the two witnesses thereto being equally as illiterate in this respect. The court scrutinizes Indian depredation claims with great care. The proviso to section 2 of the act of March 3, 1891, excluding claims arising prior to July 1, 1865, unless previously filed in the Interior Department, was evidently designed to forestall recovery in that particular class of claims, quite ancient in their origin, wherein the claimant was not sufficiently interested to preserve contemporaneous evidence of the event and diligently pursue his remedy before the department and Congress. The court has uniformly considered the filing of claims before the departments and Congress, whether within or without the statutory period, as a favorable circumstance in behalf of claimants. The claimant herein on the day he filed his first petition in this case accompanied same with a motion for a call on the Interior Department for the original and copies of all papers in his claim then pending in the department; and as no claim was ever filed in the department for the loss of the property described in the first petition, it is manifest that he in good faith had reference to the property now and originally claimed for and which in fact was transmitted to this court in response to said call.
Section 951 of Revised Statutes, page 180, provides for certain amendments in a peremptory way, leaving all others desired to the discretion of the court. It may be stated as a general rule, sustained by a long line of authorities, that where a proposed amendment does not introduce new parties, a new cause of action, mislead or surprise the opposite party, and the pleadings are sufficiently certain to identify the parties and cause of action to prevent a second recovery in the same case, it will be allowed. (American and English Encg., p. 9541 el seg.)
Unquestionably the equities of this case rest with the claimant, and if within the jurisdiction of the court the amendment could be allowed it would be done. In the case of United States v. Martinez (195 U. S., 469) the Supreme Court declined to permit an amendment to the petition after the expiration of the statutory period bringing in a new *204 tribe of Indians. At page 476 the court said: “This act is extremely liberal in permitting presentation of claims for Indian depredations. All limitations are swept away except the requirement as to the time of filing the petition. In the present case the depredation is alleged to have been committed 18 years before the action was commenced. Under these liberal provisions we think it was the purpose of the law to require parties to be duly prosecuted within the three years allowed for the filing of petitions, and the liberality of the act should not be extended by construction. As the casé was prosecuted against the wrong tribe until after the three years had expired, it can not be maintained against the Indians sought to be brought in by the amendment, nor can it be sustained against the United States, which is liable by itself only in cases where the depredating Indians or other persons are unknown.” •
In Barrow et al. v. United, States et al. (30 C. Cls., 54) the court decided that “upon this question of limitation presented by the statute the court is of the opinion that no greater quantity (that is, no greater number of horses, mules, etc.) can be the subject of present relief than the claimants specified when they originally filed their claims— that the additional quantity is barred by the statute.”
To the same effect is Schewson v. United States (31 C. Cls., 192).
The amendment is this case, if allowed, goes to the subject matter of the claim and necessarily changes its identity. It is elementary that, notwithstanding jurisdiction as to the parties, the court must necessarily be invested with jurisdiction of the subject matter of the controversy, and the absence of power respecting the latter prevents the granting of relief in this case. The amendment sought to be made changes the cause of action and permits the claimant after the statutory period has run to recover for property not theretofore claimed for in his petitions.
Defendants’ plea is sustained and the petition is dismissed.